UNITED STATES of America,

v.

Billy ROY, Defendant.

No. Crim. 00–71–P–H.

United States District Court,
D. Maine.

Oct. 4, 2000.

George T. Dilworth, Asst. U.S. Atty., Office of the U.S. Atty., Portland, ME, for Plaintiff.

Benet Pols, Brunswick, ME, for Defendant.

## ORDER ON DEFENDANT'S MOTION TO STRIKE PORTION OF THE INDICTMENT REFERRING TO A PRIOR CONVICTION

HORNBY, Chief Judge.

Someone who knowingly possesses child pornography that has moved in interstate or foreign commerce is guilty of a federal felony. 18 U.S.C.A. § 2252A(a)(5) (West 2000). The prison term is up to five years. 18 U.S.C.A. § 2252A(b)(2). But if that person previously has been convicted of other enumerated offenses, the prison sentence becomes a minimum of two years and can be as much as ten years. *Id.* The issue in this case is how to interpret the statutory language that describes these penalty-aggravating offenses.

The statutory language in question is:

[I]f such person has a prior conviction under this chapter [18 U.S.C.A. § 2251 *et seq.*], chapter 109A 18 U.S.C.A. § 2141 *et seq.,* or chapter 117 [18 U.S.C.A. § 2421 *et seq.*], *or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward,* or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 2 years nor more than 10 years.

18 U.S.C.A. § 2252A(b)(2) (emphasis added). The previous conviction here was under 17–A M.R.S.A. § 255(1)(A) (West Supp.1999), for unlawful sexual contact. The government claims that the Maine conviction qualifies under the phrase "abusive sexual conduct involving a minor." The arrest records suggest that the victim was 14 years old and the defendant 27 at the time of the offense. But neither the judgment following the defendant's guilty plea nor the criminal complaint on which it is based reveals the victim's age and, un-

der the Maine statute of conviction, age of the victim is not a factor.

The government relies upon the First Circuit decision in *United States v. Meade*, 175 F.3d 215 (1st Cir.1999), for its argument that the factfinder at this federal trial can now make the factual determination that the earlier state conviction was for sexual conduct involving a minor. *Meade* dealt with a federal statute that makes it a felony to possess a firearm if a person previously has been convicted of a misdemeanor crime of domestic abuse. *Id.* at 217–18. The First Circuit held that the previous offense must have been charged and committed as an act of violence, but not necessarily *domestic* violence. *Id.* at 219. The domestic part could be proven at the later federal trial. But the decision in *Meade* was premised upon the clear language and syntax of a different statute.[1] That language specified that an element of the previous crime must be the use of force or violence, but the statute went on to give other characteristics that were not defined as being elements of the crime—in *Meade*, the characteristic that the previous crime of violence involved domestic violence. The court was fortified in its conclusion by legislative history: the sponsoring senator stated that the statute prohibiting possession of firearms should apply to persons convicted of crimes relating to domestic violence even if the previous crimes had not in fact been prosecuted as domestic violence. *See id.*

The language and syntax of this statute are quite different. Here, according to the plain language, it is the state *law*, not the conviction, that must be related to sexual abuse of a minor ("a prior conviction . . . under the laws of any State relating to . . .

abusive sexual conduct involving a minor . . ."). The government's argument to the contrary violates both the syntax of the section and its logic. So far as syntax is concerned, if the characteristics following the phrase "relating to" modify "prior conviction" rather than "laws of any State," there should be a comma after the word "State"—there is none—and the defining characteristics would also have to apply to previous federal convictions. But Congress has specified the kinds of federal convictions that qualify, by its enumeration of the three federal chapters: "a prior conviction under this chapter . . ., chapter 109A . . ., or chapter 117"—respectively, sexual exploitation and other abuse of children; sexual abuse; transportation for illegal sexual activity and related crimes. There is no reason to think that Congress meant to limit convictions under these three chapters by requiring further proof that one of the other enumerated elements was also present. Instead, it is more reasonable to read the "relating to" language as applying only to state crimes; it is necessary there because Congress could not specify by number the appropriate chapters of every state's laws that would qualify. Congress therefore used a general characterization of such state laws—"the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward." And so far as the logic is concerned, under the government's interpretation a previous conviction might be for absolutely anything—trespass, for example—yet so long as the government could prove at the later federal trial that sexual misconduct with a minor also occurred during the crime (during the trespass, for example), it could

---

1. *Meade* was premised upon 18 U.S.C.A. § 921(a)(33)(A)(ii) (West 2000), which provides that a "misdemeanor crime of domestic violence" is one that

has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of

the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, situated to a spouse, parent, or guardian of the victim. . . .

*Id.*

seek the enhanced penalty. That is a highly unlikely reading of this criminal statute.[2]

These anomalies can be avoided by simply following the clear language of the federal statute: the previous conviction must be under a state law that itself relates to the required characteristic—in this case, abusive sexual conduct involving a minor. The Maine statute under which this defendant was convicted—17–A M.R.S.A. § 255(1)(A)—is not a law "relating to" that conduct, for age has nothing to do with it. The motion to strike is therefore GRANTED.[3]

SO ORDERED.

---

2. There are other problems with the government's approach. The Maine statute of conviction deals clearly with "sexual contact." There are other Maine statutes that deal with sexual abuse. But the government seems to argue that I should nevertheless treat the state conviction as one for "sexual abuse of a minor" by using definitions taken from the federal crime of sexual abuse of a minor, 18 U.S.C.A. § 2243(a) (West 2000), which provides punishment for engaging in a "sexual act" with any person aged 12 through 15 years old and at least 4 years younger than the defendant. Gov't's Objection to Def.'s Mot. to Strike Portions of the Indictment at 5. I find nothing in the statute to suggest that I should use a state conviction to find a crime, then depart from the state law definition to turn it into a different crime. Maine has its own crime of sexual abuse of a minor, 17–A M.R.S.A. § 254 (West Supp.1999), and the definitions are markedly different from the federal definition. Under the government's approach, a state like Maine might choose not to seek a conviction for conduct involving a minor because of its own statutory definitions and instead convict of a different offense, but at a later federal trial, the government could trump that interpretation by taking the conviction and contending that the victim was nevertheless a minor in federal eyes at the time, regardless of what state law provided. It might be within Congress's power to do that, but I see no suggestion that it has done so.

3. I am not entirely certain that a motion to strike is the correct way to raise this issue, but the Government has not challenged the use of that procedural device and so I proceed as the parties have. Given Apprendi v. New Jersey, —— U.S. ——, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), it appears that, if I denied this motion, in order to get the sentence enhancement the government would have to prove at trial and beyond a reasonable doubt that a characteristic of the previous conviction is that it related to sexual abuse of a minor. See id. at 2362–63.