# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3233

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Gregory L. Trogdon, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 11, 2003
Filed: July 3, 2003

_____

Before HANSEN, Chief Judge,[1] RILEY and MELLOY, Circuit Judges.

_____

HANSEN, Circuit Judge.

Gregory L. Trogdon pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (2000), and was sentenced to sixty months in prison and four years of supervised release. The only contested matter at sentencing, and the only issue on appeal, is whether Trogdon is subject to a sixty-month statutory minimum prison term due to his prior conviction for first-degree sexual misconduct.

---

[1] The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

We conclude, as did the district court,[2] that this conviction triggers the enhanced statutory minimum. Accordingly, we affirm the judgment of the district court.

## I.

The enhanced statutory minimum applies, as relevant, if Trogdon "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(1). It is undisputed that Trogdon has a prior Missouri conviction for sexual misconduct in the first degree, in violation of Mo. Rev. Stat. § 566.090.1 (1995). A person commits this offense if "he purposely subjects another person to sexual contact," id., defined as "any touching of the genitals or anus of another person . . . for the purpose of arousing or gratifying sexual desire of any person," Mo. Rev. Stat. § 566.010(3). The Missouri crime of first-degree sexual misconduct can be committed against either an adult or a minor. It is undisputed, however, that Trogdon's offense conduct included placing his hand inside the underwear of a girl under the age of twelve and inserting his finger into her vagina. The fact that the victim was under the age of twelve was specifically alleged in the amended state court information to which Trogdon pleaded guilty.

Thus, the question is whether the statute under which the defendant was previously convicted must contain as an element the victim's status as a minor in order to qualify as a conviction for "abusive sexual conduct involving a minor" triggering § 2252A(b)(1)'s enhanced statutory minimum. Although one district court has concluded that the victim's age must be included as an element, see United States v. Roy, 114 F. Supp. 2d 1, 2-3 (D. Me. 2000), we reject this approach. Accord United States v. Rezin, 322 F.3d 443, 446-49 (7th Cir. 2003) (construing 18 U.S.C.

---

[2] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

§ 2252(b)(2)'s enhanced statutory minimum for "a prior conviction . . . under the laws of any State relating to . . . abusive sexual conduct involving a minor or ward" and rejecting elements-only approach to determining victim's age in defendant's prior offense).

We think that the better approach is the one we use when determining whether a prior offense is a crime of violence triggering an enhanced sentence. If violence is included as an element in the statute under which the defendant was previously convicted, our inquiry ends. However, if violence is not included as an element, such that the defendant could have committed the prior offense violently or nonviolently, we proceed to examine the prior offense's underlying facts to determine whether violence was involved. See United States v. Wright, 957 F.2d 520, 522 (8th Cir.), cert. denied, 506 U.S. 856 (1992).

Applying this analysis to the instant case, to determine whether Trogdon's prior conviction for first-degree sexual misconduct qualifies as abusive sexual conduct involving a minor, our inquiry does not end with the Missouri statute because the victim's age is not included as an element therein. We must proceed to examine the underlying facts of the prior offense to determine whether the victim was a minor. As noted above, it is undisputed that Trogdon's victim was a girl under the age of twelve. Thus, he was properly subjected to the enhanced sixty-month statutory minimum prison term of § 2252A(b)(1).

## II.

Accordingly, we affirm the judgment of the district court.

3

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.