# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2996

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| | * | District of Iowa. |
| v. | * | |
| | * | |
| Donald Louis Weis, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: March 14, 2007
Filed: May 17, 2007 (corrected May 25, 2007)

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Donald Louis Weis pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). The district court[1] determined that Weis's prior conviction for assault with intent to commit sexual abuse triggered the statutory mandatory minimum provisions of 18 U.S.C. § 2252(b)(1). Accordingly, the district court sentenced Weis to the enhanced mandatory minimum term of incarceration: fifteen years. Weis appeals, arguing that his prior conviction is not a proper predicate felony

_____

[1] The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

pursuant to § 2252(b)(1), and that his sentence of fifteen years violates the Eighth Amendment's prohibition against cruel and unusual punishment. For the reasons set forth below, we affirm the judgment of the district court.

I.    BACKGROUND

We rely primarily upon the presentence report (PSR) prepared by the United States Probation Office for the relevant background. Weis did not object to any factual information contained in the PSR. See United States v. Wintermute, 443 F.3d 993, 1005 (8th Cir. 2006) (noting the court can accept as true any facts contained in the PSR to which the defendant does not object).

A.    Criminal History

On August 29, 1996, Weis pleaded guilty to assault with intent to commit sexual abuse—no injury, a violation of Iowa Code § 709.11 and an aggravated misdemeanor. On November 1, 1996, Weis was given a two-year suspended term of imprisonment and sentenced to two years of probation. As a result of his conviction, Weis was required to register as a sex offender.

Weis's state conviction resulted from his sexual relationship with H.N., who was thirteen years old at the time of their first sexual encounter. Weis was twenty-four years old. Weis knew H.N.'s age and attempted to keep their relationship a secret from her parents. Weis and H.N. were sexually involved from September 1995 through April 1996. During that time, they had sexual intercourse an estimated 100 times.

B.    Instant Offense

Weis resumed his relationship with H.N. after she turned eighteen.  On April 25, 2004, H.N. called the Coralville, Iowa, Police Department and reported finding child pornography on a computer she shared with Weis.  An officer responded to Weis's apartment, and H.N. showed the officer a digital photograph of a naked girl on the computer.

The Coralville officer then met with Weis.  After being provided with <u>Miranda</u> warnings, Weis admitted he possessed child pornography.  Weis consented to a search of his apartment, and officers seized a computer and related equipment.  After conducting forensic analysis on the computer, officers found 1,334 images consisting of several different series.  Each series featured a different girl, usually about ten years old.  In the first picture, the girl would be dressed, and then, throughout the series of images, she would disrobe.  The end of the series featured the girl completely naked.  The photos focused on the girls' genitals or pubic area, and the girls were frequently posed in bedrooms or on beds.  The girls were often posed unnaturally to suggest sexual coyness or a willingness to engage in sexual activity.  In addition to the images, there were numerous empty folders with titles suggesting they previously contained, or were intended to contain, child pornography.

Federal investigators arrested Weis on September 15, 2004, and seized a second computer from his residence.  Analysis of this computer revealed sixty-six images of children in various clothed and unclothed poses.  In addition to the visual images, investigators also found fifteen written stories featuring themes of child and infant rape, sexual abuse, assault, and incest.  The victims depicted in the stories were as young as five months old.

Weis made further admissions regarding child pornography.  In statements given after he received <u>Miranda</u> warnings, he told officers he was sexually aroused by

looking at photos of girls as young as eight years old and realized he had a problem. Weis explained he began viewing child pornography after his sexual involvement with H.N. in 1995 and 1996. Originally, he received photos via the Internet about once every week or two, but he progressed to downloading about twice a week. He upgraded from a dial-up Internet connection to a cable modem to be able to better access child pornography. He installed specialized software designed to obtain as many images as possible and began downloading images en masse from newsgroups online. He estimated he had roughly 2,000 images of child pornography on the computer seized on April 25, 2004.

On April 21, 2005, Weis pleaded guilty to one count of receiving child pornography. At Weis's sentencing, the district court concluded Weis's prior conviction rendered him subject to enhanced penalties, pursuant to 18 U.S.C. § 2252(b)(1). Weis objected to the use of his prior conviction as a predicate felony under § 2252(b)(1) and argued the sentence provided by the enhanced penalty provision—a term of incarceration between fifteen and forty years—violated the Eighth Amendment. The district court rejected Weis's arguments and imposed a sentence of fifteen years, the minimum term of incarceration allowed by statute. This appeal followed.

## II.    DISCUSSION

On appeal, Weis asserts two challenges to his sentence. First, Weis contends the district court erred in finding Weis's prior conviction for assault with intent to commit sexual abuse—no injury triggered the enhanced statutory mandatory minimum term of imprisonment set forth in 18 U.S.C. § 2252(b)(1). Second, Weis alleges the imposition of the fifteen-year mandatory minimum violates the Eighth Amendment prohibition against cruel and unusual punishment. Specifically, Weis argues the fifteen-year sentence is grossly disproportionate to his offense. As discussed below, we conclude these arguments are without merit.

We apply de novo review to both of Weis's claims of error. <u>United States v. Bach</u>, 400 F.3d 622, 627 (8th Cir. 2005) (noting that constitutional claims and federal issues requiring statutory interpretation both receive de novo review).

A.     Predicate Offense

Weis contends his prior conviction for assault with intent to commit sexual abuse—no injury is not a qualifying predicate offense under the enhanced sentencing provision of § 2252(b)(1) because it is not a conviction "relating to . . . abusive sexual conduct involving a minor."   Weis asserts his prior conviction does not qualify because 1) the age of the victim is not an element of the offense, and 2) actual harm is not an element of the offense.  We disagree.

Section 2252(b)(1) states, in pertinent part:

> Whoever violates . . . subsection (a) shall be . . . imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor . . . such person shall be . . . imprisoned for not less than 15 years nor more than 40 years.

§ 2252(b)(1).  Unlike other sentencing enhancement provisions that specify a prior conviction must contain a certain element, § 2252(b)(1) contains no explicit reference to elements.  <u>Cf</u>. 18 U.S.C. § 924(e)(2)(B) (defining a violent felony triggering enhanced penalties under the Armed Career Criminal Act as a specifically enumerated crime or one having "as an element the use . . . of physical force").

Weis's argument assumes the elements of a prior conviction alone determine whether an offense triggers the enhanced penalties of § 2252(b)(1).  We have previously rejected an elements-only approach to interpreting the applicable

sentencing enhancement provision.  See United States v. Trogdon, 339 F.3d 620, 621 (8th Cir. 2003) (construing § 2252A(b)(1), which uses language identical to that in § 2252(b)(1), and explaining that a court looks to the statute under which a defendant was previously convicted and then to the facts underlying the offense to determine whether a prior conviction triggers the enhanced penalties).[2] The question is whether an offense is one "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," not whether any specific element is present.  Accord United States v. Mills, No. 05-5233, 2007 WL 1140329, at *2 (4th Cir. April 17, 2007) (concluding § 2252A(b)(1) permits inquiry beyond the elements of the prior offense in determining whether enhanced penalties apply); McCutchen, 419 F.3d at 1127 (rejecting an elements-only approach to § 2252(b)(2)).  For example, in Trogdon we upheld the imposition of enhanced penalties pursuant to § 2252A(b)(1) based upon a defendant's prior conviction for sexual misconduct in the first degree, an offense that did not include the victim's age as an element, because the offense related to sexual abuse and the charging document indicated the victim was a minor.  Trogdon, 339 F.3d at 621.

---

   [2] To the extent Trogdon provides for an unlimited examination of the facts underlying a prior conviction, it has been abrogated by Shepard v. United States, 544 U.S. 13, 26 (2005).  Shepard considered what materials a court could rely upon in determining whether a defendant's prior conviction after a guilty plea qualified as a "generic burglary" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). The principles articulated in Shepard limit the sources a court can consult in considering the nature of a prior conviction to facts included in the "charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record."  Shepard, 544 U.S. at 26.  Trogdon's rejection of the elements-only approach to the sentencing enhancement provision in § 2252A(b)(1) was not undermined by Shepard and remains applicable "so long as the district court limits itself to the documents outlined in Shepard" when considering a prior conviction.  United States v. McCutchen, 419 F.3d 1122, 1128 (10th Cir. 2005) (applying Shepard to § 2252(b)(2), a sentencing enhancement provision using the same language as § 2252(b)(1)).

Applying this analysis to Weis's prior conviction, we agree with the district court that the enhanced penalties apply. Weis's prior conviction is for assault with intent to commit sexual abuse—no injury, a violation of Iowa Code § 709.11. Iowa Code § 709.11 states, in pertinent part: "Any person who commits an assault . . . with the intent to commit sexual abuse is guilty of . . . an aggravated misdemeanor if no injury results." The trial information to which Weis pleaded guilty specified the manner in which Weis violated § 709.11, stating that between September 1995 and April 1996 he "touch[ed], with the intent to have sexual intercourse, another, to wit: H.J.N, d.o.b. 12/23/81." Here, as in Trogdon, the age of the victim was not an element of the offense, but the victim's age was specifically alleged in the charging document. The date of birth listed in the trial information clearly identifies Weis's victim as a minor; she was thirteen and fourteen years old during the duration of the offense. Thus, Weis's prior conviction "involv[ed] a minor."

Weis's prior conviction is also one "relating to . . . abusive sexual conduct," whether or not the statute under which he was convicted required actual harm. "We must assume that Congress chose the words 'relating to' for a purpose." United States v. Hubbard, 480 F.3d 341, 347 (5th Cir. 2007) (construing the penalty enhancement language in § 2252A). The phrase "relating to" carries a "broad" "ordinary meaning," i.e., "'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with . . . .'" Morales v. Trans World Airlines Inc., 504 U.S. 374, 383 (1992) (quoting Black's Law Dictionary 1158 (5th ed. 1979)) (construing "relating to" as used in a different statutory context). Weis's prior conviction required "intent to commit sexual abuse." Such a *mens rea* demonstrates the offense is one "relating to" sexual abuse. Further, in pleading guilty, Weis admitted he touched his victim with the intent to have sexual intercourse, as charged in the trial information. Such conduct falls well within the broad meaning of "relating to . . . abusive sexual conduct." See, e.g., Hubbard, 480 F.3d at 350 (holding that a state-law conviction for making a lewd proposal to a minor is a prior conviction "relating to sexual abuse").

-7-

The district court correctly concluded Weis's prior conviction triggered the enhanced penalty provision of § 2252(b)(1).

B.     Eighth Amendment

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. A sentence that is "grossly disproportionate" to the crime committed violates the Eighth Amendment's bar against cruel and unusual punishment. Solem v. Helm, 463 U.S. 277, 288 (1983). Although this "narrow proportionality principle," Harmelin v. Michigan, 501 U.S. 957, 997 (1991) (Kennedy, J., concurring in part and concurring in judgment), applies to both capital sentences and terms of years, "outside the context of capital punishment, *successful* challenges to the proportionality of particular sentences are exceedingly rare." Id. at 1001 (quotations and alterations omitted); see also Ewing v. California, 538 U.S. 11, 22-24 (2003) (applying the proportionality principles contained in Justice Kennedy's concurrence in Harmelin).

In considering whether a sentence is unconstitutionally disproportionate to a crime, "[w]e first address the gravity of the offense compared to the harshness of the penalty." Ewing, 538 U.S. at 28. Weis pleaded guilty to receiving child pornography, a violation of 18 U.S.C. § 2252(a)(2). In committing this offense, Weis utilized specialized software to efficiently download lascivious photographs of ten-year-old girls. Weis estimated he had 2,000 images of child pornography on one of his computers. Law enforcement officers examined the two computers used by Weis and uncovered multiple images of child pornography, as well as a number of empty folders with titles suggesting a connection to child pornography. Between twenty and 150 of the thousands of visual images on Weis's computers met the statutory definition of a depiction of a minor engaging in sexually explicit conduct. See 18 U.S.C. § 2256.

As evinced by the conduct underlying Weis's conviction, this is a grave offense. Weis's attempt to minimize the harm associated with his crime fails. Weis argues this crime is a "non-violent offense," noting he "did not perpetrate the admittedly highly destructive primary harm on the children depicted in the images." This attempt to divorce the consumption of child pornography from the harm inflicted upon its victims has been rejected by Congress, see Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. 3009, 3009-27 (1996) ("[T]he existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children."), and the Supreme Court. See Osborne v. Ohio, 495 U.S. 103, 109-11 (1990) ( acknowledging that possession of child pornography creates a market for its production, which results in the exploitation of children). In addition, this court has recognized that defendants guilty of receiving child pornography victimize the children depicted in the pictures. See United States v. Rugh, 968 F.2d 750, 756 (8th Cir. 1992) (deciding that the primary victims in a receipt of child pornography case were the identifiable children in the images, not only society at large). We cannot ignore the victims harmed by Weis's criminal conduct, and there are many victims.

In addition, Weis committed the instant offense after already having a conviction "relating to . . . abusive sexual conduct involving a minor." Weis admitted his illegal sexual relationship with H.N instigated his interest in child pornography. The gravity of Weis's offense is heightened by this link between his prior offense against a child and his continuing victimization of children by receiving child pornography.

Having discussed the gravity of Weis's offense, we now consider the severity of the sentence imposed. Notably, the sentence Weis received is less than the twenty-year statutory maximum authorized for receipt of child pornography without a prior conviction, and it is substantially less than the forty-year maximum applicable to recidivists. See § 2252(b)(1). It is rare for a term of years within the authorized

statutory range to violate the Eighth Amendment.  See Harmelin, 501 U.S. at 1001 (Kennedy, J., concurring in part and concurring in judgment) (noting the infrequency of successful Eighth Amendment challenges to non-capital sentences).

Fifteen years is a harsh punishment; however, we agree with the sentiment expressed by the Seventh Circuit when considering a recidivist sentenced to fifteen years for distribution of child pornography:

> [I]t is entirely reasonable for Congress to have heightened concern–expressed in harsher punishments–with individuals . . . who have already been convicted of sexually abusing a minor yet will not or cannot comport their conduct to the dictates of the law.

United States v. Gross, 437 F.3d 691, 694 (7th Cir. 2006).  The mandatory term of fifteen years "was duly enacted by Congress as a punishment for those who had repeatedly taken illicit advantage of one of the most vulnerable segments of our society, its children."  United States v. MacEwan, 445 F.3d 237, 250 (3rd Cir. 2006). "Recidivism has long been recognized as a legitimate basis for increased punishment." Ewing, 538 U.S. at 25.

Weis's sentence "is not 'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'"  Id. at 30 (quoting Harmelin, 501 U.S. at 1005).  Thus, we hold that Weis's sentence of fifteen years, imposed for receipt of child pornography after a prior conviction relating to sexual abuse of a minor, does not violate the Eighth Amendment.

III.    CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____