# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3315

_____

United States of America,      *
     *
       Plaintiff - Appellee,      *
     *
     *   Appeal from the United States
       v.      *   District Court for the
     *   District of Minnesota.
Saladean Walker Salean, also known      *
as Michael Germane Walker,      *
     *
       Defendant - Appellant.      *

_____

Submitted: May 11, 2009
Filed: October 16, 2009

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MILLER,[*] District Judge.

_____

LOKEN, Chief Judge.

Saladean Walker Salean pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Applying the Armed Career Criminal Act, the district court[1] determined that Salean has three prior violent felony convictions and sentenced him to fifteen years in prison, the mandatory minimum

_____

[*]The HONORABLE BRIAN STACY MILLER, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[1]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota.

sentence under 18 U.S.C. § 924(e)(1). Salean appeals, arguing that his 1995 Minnesota state court conviction for aiding and abetting assault in the fourth degree was not a violent felony within the meaning of § 924(e)(2)(B). Reviewing the district court's resolution of this issue de novo, we affirm. See United States v. Boaz, 558 F.3d 800, 806 (8th Cir. 2009) (standard of review).

The Armed Career Criminal Act defines violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). The conviction at issue resulted from a 1994 fight at the correctional facility in St. Cloud, Minnesota. Salean pleaded guilty to aiding and abetting fourth degree assault of a correctional officer. At that time, the Minnesota statute provided in relevant part:

**609.2231. Assault in the fourth degree**

\* \* \* \* \*

**Subd. 3. Correctional employees.** Whoever assaults an employee of a correctional facility . . . while the employee is engaged in the performance of a duty . . . and inflicts demonstrable bodily harm, is guilty of a felony and may be sentenced to imprisonment for not more than two years or to payment of a fine of not more than $4,000, or both.

Minn. Stat. § 609.2231, subd. 3 (1994). Assault was defined in the Minnesota Criminal Code as "(1) An act done with intent to cause fear in another of immediate bodily harm or death; or (2) The intentional infliction or attempt to inflict bodily harm upon another." Minn. Stat. § 609.02 (1994).

Salean concedes, as he must, that the conduct proscribed in Minn. Stat. § 609.2231, subd. 3 (1994), falls squarely within the first clause of § 924(e)(2)(B)(i), an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." The proper inquiry is "the conduct encompassed by the elements of the offense, in the ordinary case." United States v. James, 550 U.S. 192, 208 (2007). The Minnesota statute required proof, not only of an assault, but also that "demonstrable bodily harm" resulted. Unlike the third degree misdemeanor assault offense at issue in United States v. Howell, 531 F.3d 621, 624-25 (8th Cir. 2008), the "ordinary case" violation of this statute involved the intentional use of physical force against another. See United States v. Smith, 171 F.3d 617, 621 (8th Cir. 1999); accord United States v. Martinez, 962 F.2d 1161, 1168-69 (5th Cir. 1992); United States v. Bregnard, 951 F.2d 457, 460-61 (1st Cir. 1991); United States v. O'Neal, 937 F.2d 1369, 1372 (9th Cir. 1990).[2]

Salean nonetheless argues that, while the elements of Minn. Stat. § 609.2231, subd. 3 (1994), describe a violent felony, the transcript of the 1995 hearing at which he entered an "Alford" guilty plea[3] demonstrates that he did not admit to using or

---

[2]For purposes of § 924(e)(2)(B)(i), it is irrelevant that Salean's 1995 conviction was for aiding and abetting fourth degree assault. See United States v. Groce, 999 F.2d 1189, 1191-92 (7th Cir. 1993); accord United States v. Brown, 550 F.3d 724, 728 (8th Cir. 2008) (aiding the commission of aggravated robbery is a crime of violence under U.S.S.G. § 4B1.2). Because modern criminal statutes abrogate the common law distinction between principals and aiders and abettors, the "generic sense" of statutes prohibiting crimes such as assault "covers . . . 'aiders and abettors' as well as principals." Gonzalez v. Duenas-Alvarez, 549 U.S. 183, 190 (2007).

[3]See North Carolina v. Alford, 400 U.S. 25, 37 (1970). Because an Alford plea, like other guilty pleas, results in a conviction, Alford pleas are indistinguishable from other guilty pleas for purposes of § 924(e)(2)(B). See United States v. McCall, 507 F.3d 670, 675 n.4 (8th Cir. 2007), vacated and remanded on other grounds, 523 F.3d 902 (8th Cir. 2008); accord United States v. Guerrero-Velasquez, 434 F.3d 1193, 1197 (9th Cir.2006); Abimbola v. Ashcroft, 378 F.3d 173, 181 (2d Cir. 2004).

attempting to use physical force against a correctional officer and therefore *his* conviction was not a violent felony.  We disagree.

In Taylor v. United States, 495 U.S. 575, 600 (1990), the Supreme Court confirmed that the phrase "has as an element" in § 924(e)(2)(B)(i) means "that § 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."  Only when the statute in question proscribed "discrete, alternative sets of elements," one or more of which was not, generically, a violent felony, do we apply a modified categorical approach that reviews the charging document, jury instructions, plea agreement or plea hearing transcript, and comparable judicial records to determine whether the defendant was in fact convicted of a violent felony alternative. Boaz, 558 F.3d at 808; see Shepard v. United States, 544 U.S. 13, 26 (2005); Taylor, 495 U.S. at 602.  See also Nijhawan v. Holder, 129 S. Ct. 2294, 2299 (2009), which applied Taylor's categorical approach to the term "aggravated felony" in 8 U.S.C. § 1227(a)(2)(A)(iii).

In this case, Minn. Stat. § 609.2231, subd. 3 (1994), prohibited only one kind of behavior, an assault of a correctional officer engaged in the performance of his duties that inflicted demonstrable bodily harm.  As that is a single crime, the elements of which fall within the definition of a violent felony in § 924(e)(2)(B)(i), all convictions for violating the statute are predicate violent felonies under the categorical approach mandated by Taylor and by later Supreme Court cases applying Taylor.  In these circumstances, we simply may not consider judicial documents relating to Salean's specific conviction that might be pertinent were a modified categorical analysis required.  We note that Section 6090.2231, subd. 3, was amended in 1997, after Salean's conviction, to proscribe two kinds of acts against a correctional employee -- (1) an assault that inflicts demonstrable bodily harm, and (2) intentionally throwing bodily fluids or feces at the employee.  As these are discrete, alternative ways to violate the statute, a modified categorical analysis might be required to

-4-

determine whether a particular violation of the current statute was a violent felony under § 924(e)(2)(B).  We need not consider that issue in this case.

The judgment of the district court is affirmed.

_____