# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3019

_____

United States of America,        *
                                 *

           Appellee,       *

                                 *   Appeal from the United States
       v.                           *   District Court for the
                                 *   District of Minnesota.

Matthew Eric Linngren,     *

                                 *

           Appellant.     *

_____

Submitted:  May 13, 2011
Filed:  August 30, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Matthew Eric Linngren pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and 2256.  The district court[1] determined that Linngren's previous Minnesota conviction for criminal sexual conduct "relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," and that § 2252(b)(1) thus mandated a sentence of no less than fifteen years.  Linngren challenges his fifteen-year sentence, arguing that his Minnesota conviction does not trigger the enhanced mandatory sentence.  We affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

I.

The only issue on appeal is whether Linngren's state conviction qualified as a predicate offense to enhance his sentence under § 2252(b)(1). We review his claim of error *de novo*. United States v. Sonnenberg, 556 F.3d 667, 669 (8th Cir. 2009).

Section 2252(b)(1) provides the statutory sentencing range for persons convicted of the child pornography offenses set forth in § 2252(a)(1)-(3). If the defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or a ward, . . . such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years." For a state conviction to relate to sexual abuse of a minor, it must relate to the "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Sonnenberg, 556 F.3d at 671 (quoting United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001)).

"Unlike other sentencing enhancement provisions that specify a prior conviction must contain a certain element, § 2252(b)(1) contains no explicit reference to elements." United States v. Weis, 487 F.3d 1148, 1151 (8th Cir. 2007). Accordingly, the relevant inquiry "is whether an offense is one 'relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor,' not whether any specific element is present." United States v. Stults, 575 F.3d 834, 845 (8th Cir. 2009) (quoting Weis, 487 F.3d at 1151).

In United States v. Sonnenberg, we applied a categorical approach to determine whether a prior state conviction served to enhance a sentence under § 2252(b)(1). 556 F.3d at 669-70. We held that if the full range of conduct encompassed by the state criminal statute related to sexual abuse, then the fact of conviction and the statutory definition establish by themselves that the enhancement applies. Id. at 670. As set forth more fully below, the state statute in this case is overinclusive.

Linngren was convicted of criminal sexual conduct in the fifth degree, in violation of Minnesota Statutes § 609.3451, subdivision 1.[2] The Minnesota statute criminalizes a variety of nonconsensual sexual contacts and is satisfied when those acts are committed with either sexual or aggressive intent.[3] Furthermore, the

[2]Linngren does not dispute the fact of conviction.

[3]Minnesota Statutes § 609.3451, subdivision 1, provides,

A person is guilty of criminal sexual conduct in the fifth degree:

(1) if the person engages in nonconsensual sexual contact; or

(2) the person engages in masturbation or lewd exhibition of the genitals in the presence of a minor under the age of 16, knowing or having reason to know the minor is present.

For purposes of this section, "sexual contact" has the meaning given in section 609.341, subdivision 11, paragraph (a), clauses (i) and (iv), but does not include the intentional touching of the clothing covering the immediate area of the buttocks. Sexual contact also includes the intentional removal or attempted removal of clothing covering the complainant's intimate parts or undergarments, and the nonconsensual touching by the complainant of the actor's intimate parts, effected by the actor, if the action is performed with sexual or aggressive intent.

Section 609.341, subdivision 11, paragraph (a) provides

"Sexual contact," . . . includes any of the following acts committed without the complainant's consent, except in those cases where consent is not a defense, and committed with sexual or aggressive intent:

(i) the intentional touching by the actor of the complainant's intimate parts, or . . .

(iv) in any of the cases above, the touching of the clothing covering the immediate area of the intimate parts.

Minnesota statute does not require that the victim be a minor. Because a person may violate the statute in ways that would not constitute sexual abuse, that is, the "physical or nonphysical misuse of a minor for a purpose associated with sexual gratification," Sonnenberg, 556 F.3d at 671, the state statute does not establish whether Linngren's conviction categorically constitutes a predicate offense. As relevant to this case, the statute is overinclusive because it includes acts committed with aggressive intent and against non-minors.

Because the Minnesota statute criminalizes both conduct that qualifies as a predicate offense and conduct that does not, we "may refer to the charging document, the terms of a plea agreement, the transcript of the colloquy, jury instructions, and other comparable judicial records to determine the basis for the guilty plea or verdict. Id. at 670 (citing Shepard v. United States, 544 U.S. 13, 26 (2005)); Weis, 487 F.3d at 1151-52 n.2; see also United States v. McCutchen, 419 F.3d 1122, 1127 (10th Cir. 2005) (rejecting a narrow categorical approach to the application of § 2252(b)(2)).

We look to the charging document to determine whether Linngren's conviction "relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct of a minor." See Weis, 487 F.3d at 1152 (concluding that the trial information to which the defendant pleaded guilty established that the victim was a minor). In this case, the charging document was the complaint, which provides, in relevant part:

> The complainant states the following facts establish PROBABLE CAUSE:
>
> Your complainant is Investigator Tom Johnson of the Anoka County Sherriffs Department. In that capacity he has reviewed police reports, conducted an investigation on his own and states substantially the following:

. . .

1. T.J.M. reports that during the summer of 1997, the defendant was a program director for a church . . . . T.J.M. reports helping the defendant get ready for a summer event. As part of the preparation, T.J.M. was going to spend the night at the church with the defendant in an office. T.J.M. states the defendant said the two of them had to sleep together. As T.J.M. was waking up the next morning, he recalled feeling the defendant's hands under his clothes and on his bare butt. T.J.M. reports that the defendant was trying to put his hands down the front of his pants to touch his private area.

. . .

The foregoing facts constitute your complainant's basis for believing that on or about a period during the summer of 1997, in the City of Columbia Heights, County of Anoka, State of Minnesota, the defendant MATTHEW ERIC LINNGREN (DOB [redacted]), did engage in nonconsensual sexual contact with another, T.J.M. (DOB [redacted]).

Said acts constituting the offense of: CRIMINAL SEXUAL CONDUCT IN THE FIFTH DEGREE in violation of Minnesota Statutes: 609. 3451, Subd. 1.[4]

We, like the district court, conclude that the complaint establishes that Linngren's prior conviction related to sexual abuse of a minor and thus served to enhance his sentence under § 2252(b)(1).

Linngren argues that the district court should have limited its review of the complaint to the charging portion and that it was error for the district court to consider the probable cause portion. In Minnesota, however, "[i]t is well established that a 'defendant, by his plea of guilty, in effect judicially admit[s] the allegations contained

---

[4]Although T.J.M.'s date of birth was redacted from the complaint, it is undisputed that T.J.M. was a minor.

in the complaint.'"  Rickert v. State, 795 N.W.2d 236, 242 (Minn. 2011) (quoting State v. Trott, 338 N.W.2d 248, 252 (Minn. 1983)); c.f. United States v. Garcia-Medina, 497 F.3d 875, 878 (8th Cir. 2007).  Minnesota courts of appeals have also concluded that criminal complaints may establish the factual basis for a guilty plea.[5] See State v. Warren, 419 N.W.2d 795, 799 (Minn. 1988); Trott, 338 N.W.2d at 252. We thus conclude that the entire complaint may be considered.  See United States v. Vinton, 631 F.3d 476, 486 (8th Cir. 2011) ("A precisely drawn charging document can indicate the basis for conviction whether or not the conviction was accompanied by an admission of guilt."); United States v. Vasquez-Garcia, 449 F.3d 870, 873 (8th Cir. 2006) ("[W]here a charging document already narrows the overinclusive statute, Shepard does not require the government to produce this additional documentation.").

Linngren also argues that the complaint fails to establish that he committed the offense with "a purpose associated with sexual gratification."  Sonnenberg, 556 F.3d at 671.  Linngren contends that the complaint does not establish whether he committed the crime with sexual or aggressive intent, either of which satisfies the statute.  Like the district court, we conclude that because the only plausible reading of the complaint establishes that Linngren committed the offense with sexual intent, the prior conviction related to sexual abuse.

The sentence is affirmed.

---

[5]We note that Linngren pleaded guilty without expressly admitting guilt, pursuant to the procedure discussed in North Carolina v. Alford, 400 U.S. 25 (1970). "It is well-established that an Alford plea, like other guilty pleas, results in a conviction, and we have said that Alford pleas are indistinguishable from other guilty pleas" when determining whether a conviction qualifies as a predicate offense to enhance a sentence.  United States v. Vinton, 631 F.3d 476, 486 (8th Cir. 2011); see also United States v. Salean, 583 F.3d 1059, 1061 n.3 (8th Cir. 2009); Stults, 575 F.3d at 846 ("Stults's assertion that his prior conviction is insufficient to invoke the mandatory minimum because it was based on a plea of nolo contendere is without merit because Stults's plea 'resulted in a finding of guilt.'" (quoting United States v. Storer, 413 F.3d 918, 922 (8th Cir. 2005)).

BYE, Circuit Judge, dissenting.

In determining Matthew Linngren's prior conviction rested on sexual intent as opposed to aggressive intent, the district court expressly and exclusively relied on the facts recited in the probable cause statement in the charging document. The majority concludes reliance on this factual portion of the charging document is permissible and, in agreeing with the district court, further concludes the only "plausible" reading is Linngren's prior conviction was based on sexual intent. Thus the majority affirms the district court's decision to apply the sentencing enhancement under 18 U.S.C. § 2252(b)(1). Because I would conclude the district court erred in relying on the probable cause statement, and, in any event, because I would conclude the probable cause statement fails to show Linngren's conviction necessarily involved the sexual intent required to qualify for the sentencing enhancement, I respectfully dissent.

A defendant convicted of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2) is subject to a fifteen-year minimum sentence under 18 U.S.C. § 2252(b)(1) only if the government proves the defendant has a prior conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." A prior conviction relates to sexual abuse of a minor only if it was committed with "intent to seek libidinal gratification." United States v. Sonnenberg, 556 F.3d 667, 671 (8th Cir. 2009); see also United States v. Stults, 575 F.3d 834, 845 (8th Cir. 2009) (defining "sexual abuse of a minor" as the "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification"). Linngren was convicted of criminal "sexual contact" in the fifth degree in violation of Minnesota Statutes § 609.3451, subdivision 1. "Sexual contact" is defined as the nonconsensual "intentional touching by the actor of the complainant's intimate parts" committed with either "sexual or aggressive intent." Minn. Stat. § 609.341, subd. 11(a)(i). As the majority acknowledges, the statute underlying Linngren's prior conviction is overinclusive because in addition to criminalizing conduct relating to sexual abuse of a minor—sexual contact with sexual intent—it also criminalizes conduct not relating to the sexual abuse of a minor—sexual contact with aggressive

-7-

intent. Consequently, the district court, and now this court on de novo review, must look beyond the fact of conviction under Minnesota Statutes § 609.3451, subdivision 1, and employ the modified categorical approach to determine whether Linngren's prior conviction rested on the portion of the Minnesota Statute relating to sexual abuse of a minor so as to qualify for the sentencing enhancement. Sonnenberg, 556 F.3d at 670.

Notably, we are not limited to considering only the specific elements of the offense as required by the statute underlying a prior conviction in the way we may be obligated for other sentencing enhancements. Stults, 575 F.3d at 845 (stating the court is not limited to merely considering whether a "specific element" is present in the statute underlying the prior conviction); United States v. Weis, 487 F.3d 1148, 1151 (8th Cir. 2007) (explaining that contrary to the § 2252(b)(1) enhancement, other sentencing enhancement provisions, such as 18 U.S.C. § 924(e)(2)(B), require a prior offense to include a specific element in order to qualify as a predicate offense, which limits the court to reviewing the record of conviction only to determine the elements of the convicted offense). Rather, in applying the § 2252(b)(1) enhancement, we consider whether the conduct criminalized by the statute "relat[es] to" sexual abuse of a minor even though it may not specifically include acts of sexual abuse or require the victim to be a minor. See Weis, 487 F.3d at 1151-52 (holding defendant's prior conviction for assault related to sexual abuse of a minor even though it did not require an act of sexual abuse because it "required 'intent to commit sexual abuse'" and '[s]uch a *mens rea* demonstrate[d] the offense [was] one 'relating to' sexual abuse.") (internal quotation marks and citations omitted); see also Stults, 575 F.3d at 845-46 (rejecting Stults's challenge that attempted sexual assault cannot qualify for the § 2252(b)(1) enhancement because, even though attempted sexual assault does not require proof of actual sexual abuse of a minor, it still "relates to" sexual abuse of a minor); United States v. Trogdon, 339 F.3d 620, 621 (8th Cir. 2003) (abrogated in part on other grounds by Shepard v. United States, 544 U.S. 13, 26 (2005) (upholding the imposition of an enhanced sentence based on prior sexual misconduct toward a minor despite the fact the victim's age was not a statutory element of the offense). Nevertheless, in the

present case, Linngren's prior conviction relates to sexual abuse of a minor only if it can be established he was convicted for acting with sexual intent rather than aggressive intent. And, because Minnesota Statutes § 609.3451, subdivision 1, includes both, the court must go beyond the statute and consider the record of the prior offense to determine the basis of Linngren's conviction.

However, our review of the record is not unlimited. See Weis, 487 F.3d at 1152 n.2 (noting the court is not permitted to engaged in "an unlimited examination of the facts underlying a prior conviction"). In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court defined which portions of the prior record of conviction may be used to determine whether a prior conviction "necessarily" rested on the portion of an overinclusive statute which qualifies for the relevant sentencing enhancement. Id. at 599-600. The Court held for prior convictions based on a jury verdict a sentencing court is permitted to look to the indictment or jury instructions in order to determine whether the jury was actually required to find all the elements of the predicate offense needed to qualify for a sentencing enhancement. Id. at 602. In applying Taylor's holding to the consideration of prior convictions based on a plea instead of a jury trial, the Supreme Court in Shepard v. United States, 544 U.S. 13 (2005), recognized Congress's intent in adopting a categorical approach was to "avoid[] subsequent evidentiary enquiries into the factual basis for the earlier conviction." Id. at 20. Thus, the review of the prior record of conviction is not to determine the facts underlying the conviction, but rather is to determine the statutory and legal basis of the prior conviction. See id. at 19 (citing Taylor, 495 U.S. at 600-01); United States v. Williams, 627 F.3d 324, 328 (8th Cir. 2010) (explaining a sentencing court reviews the acceptable documents under Shepard "not to see how the particular crime at issue was committed on this occasion, but 'only to determine which part of the statute [was] violated'") (quoting United States v. Howell, 531 F.3d 621, 622-23 (8th Cir. 2008)). Consequently, the Court held, analogous to relying on the indictment or jury instructions in cases involving a jury trial, to determine whether a plea necessarily rested on the qualifying portion of the statute in pleaded cases, the sentencing court could rely on "the statement of factual basis for the charge shown by a transcript of

plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." Shepard, 544 U.S. at 20-21 (internal citation omitted). The Court further held the inquiry to determine whether a prior conviction qualifies as a predicate offense "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Id. at 26. Ultimately, the Court in Shepard expressly excluded police reports from the "evidentiary cast" permitted to be considered when determining the basis of a conviction under an overinclusive statute because it found consideration of such reports was inconsistent with the holding of Taylor and its "respect for congressional intent and avoidance of collateral trials." Id. at 21, 23.

This circuit, as well as others, has logically extended Taylor and Shepard to prohibit reliance on factual statements based on police reports which have not been adopted by a defendant. For example, in United States v. Williams, we held "where '[t]he [Presentence Investigation Report] expressly relie[s] on police reports . . . that would be inadmissible at sentencing under Taylor and Shepard,' the PSR's factual assertions, even if a defendant does not object to them, are 'not an adequate basis for affirming [the defendant's enhanced] sentence.'" 627 F.3d at 328 (quoting United States v. McCall, 439 F.3d 967, 974 (8th Cir. 2006) (en banc), abrogated in part on other grounds by Begay v. United States, 553 U.S. 137 (2008)). If the court is not allowed to rely on factual statements included in an unobjected-to PSR because those statements were based on police reports, it follows the court should not be allowed to rely on other unadopted statements similarly based on police reports. See United States v. Alston, 611 F.3d 219, 221-22, 226 (4th Cir. 2010) (vacating sentence because district court erred in relying on facts included in the transcript for an Alford plea when such facts were the prosecution's proffer for the plea and had not been accepted or admitted by the defendant); United States v. Weicks, 362 F. App'x 844, 848 (9th Cir. Jan. 22, 2010) (unpublished) (holding that because the court could not consider police reports, it could not rely on an attorney's argument based on the police report as the

basis for determining the statutory basis for a conviction); cf. McCall, 439 F.3d at 973-74 (rejecting reliance on facts attributed to police reports and parole board records to establish a relevant enhancement under the modified categorical approach). Therefore, because the probable cause statement relied on in this case expressly states the investigator drafting the document formed his belief by "review[ing] police reports [and] conduct[ing] an investigation on his own," I would conclude the facts were based on police reports and the district court erred to the extent it relied on the probable cause statement to apply the 18 U.S.C. § 2252(b)(1) sentencing enhancement.

In reaching the opposite conclusion, the majority relies on United States v. Vinton, 631 F.3d 476 (8th Cir. 2011), which it concludes permits a sentencing court to rely on the entire charging document including the probable cause statement in cases involving an Alford plea just as it would be entitled to do had Linngren entered a guilty plea. However, I do not read Vinton as reaching, let alone resolving, this issue. I recognize, as quoted by the majority, Vinton states "an Alford plea, like other guilty pleas, results in a conviction, and we have said that Alford pleas are indistinguishable from other guilty pleas." Id. at 486 (internal quotation marks and citation omitted). However, when read in context, this language does not necessarily suggest we must treat Alford pleas as guilty pleas in all circumstances. Specifically, this statement is not addressing the effect of the plea on which portions of a charging document may be relied upon for the purposes of imposing a sentencing enhancement or whether a defendant has adopted the facts of a probable cause statement by entering an Alford plea. Rather, this language responds to Vinton's argument suggesting a sentencing enhancement could not be applied where the prior conviction was based on an overinclusive statute and the defendant never admitted guilt to a particular subsection of the statute qualifying for the enhancement. Id. We clarified it is the fact of conviction which is relevant, not necessarily whether a defendant admitted guilt or entered an Alford plea, because even though Vinton had entered an Alford plea, he was still convicted of an offense no different than if the conviction had been based on a guilty plea. Id. Importantly, Vinton did not address which, if any, portions of the charging document for the prior conviction could be considered to determine the

section of an overinclusive statute on which his conviction rested.[6] In fact, <u>Vinton</u> is distinguishable in one significant detail: it only addressed the use of the charging <u>terms</u> of the document. The charging document in <u>Vinton</u> did not include a probable cause statement at all, much less one based entirely on police reports. And, the language from the charging document relied on to narrow Vinton's conviction to a qualifying offense precisely tracked the language of the relevant subsection of the statute, leaving no question as to which portion of the statute served as the basis of Vinton's conviction. <u>Id.</u> at 485. Because <u>Vinton</u> focuses on charging terms and not a probable cause statement, and because <u>Vinton</u> does not resolve the issue of which portions of the record may be relied upon to determine the basis of a prior conviction, I do not find <u>Vinton</u> dispositive on the unique issue presented in this case.

Removing the probable cause statement from consideration, there is no doubt the government failed to meet its burden of demonstrating Linngren's prior conviction constitutes a predicate offense for a sentencing enhancement under 18 U.S.C.

---

[6]The majority's reliance on <u>Stults</u> fails for similar reasons. In <u>Stults</u>, we treated a plea of nolo contendere as synonymous with a guilty plea, but not in the context of whether a nolo contendere plea implicitly resulted in the adoption of facts articulated in a charging document. 575 F.3d at 846. Rather our comparison was for the purpose of reaffirming that a nolo contendere plea, like a guilty plea, "result[s] in a finding of guilt" and ultimately a conviction which can be properly relied on for applying a sentencing enhancement. <u>Id.</u>

The majority also relies on <u>United States v. Salean</u>, 583 F.3d 1059 (8th Cir. 2009). This case is also distinguishable, but on a different basis. In <u>Salean</u>, we rejected Salean's contention his <u>Alford</u> plea prevents his prior conviction from qualifying as a violent felony for the purpose of applying a sentencing enhancement because "he did not admit to using or attempting to use physical force." <u>Id.</u> at 1061. In rejecting Salean's argument, we looked no further than the language of the statute itself, which categorically criminalized conduct involving the use of physical force. <u>Id.</u> While noting an <u>Alford</u> plea results in a conviction like other guilty pleas, we never reached the issue of whether an <u>Alford</u> plea implies a defendant adopted any facts stated in the probable cause portion of a charging document. <u>Id.</u> at 1061 n.3.

§ 2252(b)(1). The only language left to consider is the charging language, which states, "[O]n or about a period during the summer of 1997, . . . the defendant, MATTHEW ERIC LINNGREN . . . did engage in nonconsensual contact with [a minor] . . . . Said acts constituting the offense of CRIMINAL SEXUAL CONDUCT IN THE FIFTH DEGREE." These charging terms provide no indication as to whether the offense was committed with sexual intent as opposed to aggressive intent. Consequently, any determination made on this language as to Linngren's intent is mere "guesswork," and cannot support a sentencing enhancement. See United States v. King, 598 F.3d 1043, 1048 (8th Cir. 2010) ("[A] sentence enhancement may not be applied on the basis of guesswork."). I would therefore conclude government failed to prove the § 2252(b)(1) sentencing enhancement applies in this case and I would reverse the district court, vacate Linngren's sentence, and remand for resentencing.

I must further dissent as I do not agree with the majority concluding "the complaint establishes that Linngren's prior conviction related to sexual abuse of a minor and thus served to enhance his sentence" and "the only plausible reading of the complaint establishes that Linngren committed the offense with sexual intent." Ante at 6. In order for Linngren's prior conviction to be related to sexual abuse of a minor under § 2252(b)(1), the government was required to show his prior conviction "necessarily rested on" the portion of Minnesota Statutes § 609.3451, subdivision 1, relating to sexual abuse of a minor, meaning the portion criminalizing sexual contact with sexual intent as opposed to aggressive intent. Shepard, 544 U.S. at 20-21 (emphasis added); see also Sonnenberg, 556 F.3d at 671 (defining sexual abuse of a minor as "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification"). The only evidence offered by the government to establish the basis of Linngren's prior conviction was the charging document,[7] which provides no express indication as to which intent underlies

_____

[7]The government did provide, as an alternative to the charging document, the unobjected-to factual statement regarding Linngren's prior conviction in the PSR. However, because we may not consider factual statements in the PSR based on police reports—regardless of whether the statements were objected-to or not—the relevant

Linngren's prior conviction. Specifically, the probable cause section fails to identify any intention underlying the conduct and instead merely describes the alleged facts indicating Linngren told the minor they needed to share a room and upon waking in the morning Linngren had his hand on the minor's "bare butt" and "was trying to put his hands down the front of his pants to touch his private area." To conclude on these facts sexual intent is the only "plausible" intent behind Linngren's touching of the minor requires implying such an intent solely from the act of nonconsensual touching of the minor's private areas. Significantly, though, the statute criminalizing this conduct suggests this type of conduct can occur with either "sexual or aggressive intent," meaning there may be some instances in which this type of touching occurs without sexual intent. If this touching alone necessarily infers sexual intent, Minnesota Statutes § 609.341, subdivision 11, would not have included the alternative basis of aggressive intent. See Minn. Stat. § 645.16 ("Every law shall be construed, if possible, to give effect to all its provisions."); Am. Family Ins. Grp. v. Schroedl, 616 N.W.2d 273, 277 (Minn. 2000) ("[N]o word, phrase, or sentence should be deemed superfluous, void, or insignificant.") (internal quotation marks and citation omitted). By the language of the statute alone, it is implicit the acts of sexual contact—including the types of touching engaged in by Linngren—do not necessarily involve sexual intent purely because of the type of conduct mentioned.

Without the record identifying Linngren's intent with more certainty, I cannot conclude Linngren's conviction necessarily rested on sexual intent. Instead, I suggest it was only likely based on such intent. But the modified categorical approach is not met with "likely." In United States v. King, the facts of an underlying conviction indicated the offender possessed two weapons, a shotgun and a knife. 598 F.3d 1043, 1047 (8th Cir. 2010). The conviction would constitute a crime of violence and lead to

statement in the PSR must be disregarded. McCall, 439 F.3d at 973-74 (rejecting district court's reliance on unobjected-to facts in the PSR because the facts were attributed to police reports and parole board records, which "may not be used to establish [the relevant enhancement] under the modified categorical approach").

-14-

a sentencing enhancement only if the weapon possessed was considered prohibited, which included a sawed-off shotgun.  In criticizing the district court's failure to identify which weapon was the basis of the prior conviction and whether the weapon qualified as prohibited, we noted, "[if] we put the Government's proof in its best light, the most we can say is that [the defendant] was likely charged with possession of a prohibited weapon . . . [but] a sentencing enhancement may not be applied on the basis of guesswork."  598 F.3d at 1047-48 (emphasis added).  In the present case, the district court identified which intent it presumed to be the basis of Linngren's prior conviction, but the facts underlying the conviction indicate the intent was likely, not necessarily, sexual.

Even more, when this court has previously held a defendant to necessarily be convicted under the relevant part of an overinclusive statute, the terms of the charging document have identified the statutory basis of conviction by tracking the language of the relevant part of the statute and leaving no doubt as to the basis of conviction.  For example, in Vinton, the charging document stated, "Vinton, Jr. knowingly caused physical injury to Mary Reiners by means of a dangerous instrument, to-wit: a motor vehicle."  631 F.3d at 485.  This language precisely tracked the language of subpart (2) of Missouri's second degree assault statute, which stated, "A person commits the crime of assault in the second degree if he . . . [a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument." Mo. Rev. Stat. § 565.060.1(2).  Accordingly, the district court determined Vinton's conviction necessarily rested on subpart (2), which was the portion of the statute constituting a crime of violence.  Vinton, 631 F.3d at 485.  A similar analysis occurred in both United States v. Pierson, 544 F.3d 933, 943 (8th Cir. 2008) (affirming district court's conclusion that the "charging document narrowed an over inclusive Iowa statute" to the portion qualifying for the sentencing enhancement where the language of the allegation in the charging document precisely tracked the qualifying portion of the statute), and Howell, 531 F.3d at 622-23 (concluding the charging document included narrowing language properly relied on by the district court because the language of the charging document precisely tracked the language of a subsection

of the statute necessarily constituting a crime of violence).  In each of those cases, the charging document wove facts into language indicating with precision the statutory basis for the conviction, and thus providing an appropriate basis for applying the applicable sentencing enhancement.  By comparison, in the present case, none of the language used in the charging document tracks the relevant Minnesota statute with regard to the requisite intent.

Based upon the foregoing reasoning, the complaint from Linngren's prior conviction, even when considered in its entirety, is not the type of "precisely drawn charging document" required under the modified categorical approach to justify enhancing Linngren's sentence.  Vinton, 631 F.3d at 487.  Thus, I cannot join the majority in concluding the probable cause statement sufficiently narrows Linngren's prior conviction to the portion of Minnesota Statutes § 609.3451, subdivision 1, relating to sexual abuse of a minor as required for enhancing a sentence under 18 U.S.C. § 2252(b)(1).  Instead, I would conclude the district court erred in finding Linngren's prior conviction necessarily rested on sexual intent and I would reverse and remand for resentencing.

_____