# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2446

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| William Thomas Howell, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2008
Filed: July 7, 2008

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

William Thomas Howell was indicted under 18 U.S.C. §§ 922(g)(9) and 924(a)(2) for possession of a firearm after having been convicted of a misdemeanor crime of domestic violence. The predicate conviction was for misdemeanor assault in the third degree under section 565.070 of the Missouri statutes. Howell moved to dismiss the indictment, arguing the predicate conviction did not contain the necessary elements of 18 U.S.C. § 921(a)(33)(A)(ii). The district court denied the motion, found Howell guilty, and sentenced him to 21 months' imprisonment and 3 years' supervised release. Howell appeals claiming the court erred in denying his motion to dismiss. Having jurisdiction under 28 U.S.C. § 1291, this court reverses.

This court reviews de novo the denial of a motion to dismiss the indictment. *United States v. Smith*, 171 F.3d 617, 619 (8th Cir. 1999). Construing a statute, this court looks first to the plain meaning of the words of the statute. *Id.* at 620.

18 U.S.C. § 922(g)(9) prohibits the possession of a firearm by any person who has been convicted of a misdemeanor crime of domestic violence. 18 U.S.C. § 921(a)(33)(A) says a "misdemeanor crime of domestic violence"

(i) is a misdemeanor under Federal, State, or Tribal law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim

This "requires the predicate misdemeanor to have only one element: the use or attempted use of physical force (or its alternative, the threatened use of a deadly weapon . . .)." *Smith*, 171 F.3d at 620.

Under the categorical approach, when a statute dictates that the predicate offense have enumerated elements, this court must "look only to the predicate offense rather than to the defendant's underlying acts to determine whether the required elements are present." *Id.* If the predicate statute reaches a broad range of conduct, this court may expand the inquiry to review the charging papers and jury instructions, but *only* to determine which part of the statute the defendant violated. *See id.* at 620-21, *citing* *Taylor v. United States*, 495 U.S. 575, 602 (1990). Where the defendant pled guilty to a predicate offense, this inquiry may include the "written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). *See also* *James v. United States*, 127 S. Ct. 1586, 1594 (2007) ("That is, we consider whether the *elements of the offense* are of the type that would justify its

inclusion within the residual provision, without inquiring into the specific conduct of this particular offender.") (emphasis in original); *Begay v. United States*, 128 S. Ct. 1581, 1584 (2008) ("[W]e consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.").

Howell pled guilty to misdemeanor assault in the third degree under section 565.070, Missouri Revised Statutes (supp. 1997):

> 1. A person commits the crime of assault in the third degree if:
>
> (1) He attempts to cause or recklessly causes physical injury to another person; or
>
> (2) With criminal negligence he causes physical injury to another person by means of a deadly weapon; or
>
> (3) He purposely places another person in apprehension of immediate physical injury; or
>
> (4) He recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person; or
>
> (5) He knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative.
>
> 2. Assault in the third degree is a class A misdemeanor unless committed under subdivision (3) or (5) of subsection 1 in which case it is a class C misdemeanor.

Because the statute covers a broad range of conduct, this court may look to the charging document – the only permissible document in the record – to determine which part of the statute Howell violated. *See Smith*, 171 F.3d at 620. The charging document states:

in violation of Section 565.070, RSMo, committed the class A misdemeanor of assault in the third degree, punishable upon conviction under Sections 558.011 and 560.016, RSMo, in that on or about the 1st day of September, 1997, in the County of Howell, State of Missouri, the defendant created a grave risk of death to Sue Erdmann by waving a loaded gun at her.

The district court, adopting the report and recommendations of the magistrate judge, correctly concluded Howell was convicted of violating subsection (4) – "creates a grave risk of death." *See* **Mo. Approved Charges-Crim. 19.06[4], note on use 2** (Mo. Bar Sept. 1, 2001) (promulgating form for a violation of § 565.070.1(4), by authority of Mo. Sup. Ct. R. 23.01(b) (last sentence)).

The issue is whether subsection (4) requires as an element either "the use or attempted use of physical force" or "the threatened use of a deadly weapon." *See* **18 U.S.C. § 921(a)(33)(A)(ii)**. This is a question of law for the court, rather than one of fact for the jury. ***United States v. Stanko***, 491 F.3d 408, 412 (8th Cir. 2007), *cert. denied*, 128 S. Ct. 1874 (2008).

Subsection (4) "requires that a person recklessly engage in conduct which creates a grave risk of death or serious physical injury to another." ***State v. Bowles***, 754 S.W.2d 902, 909-10 (Mo. Ct. App. 1988). "This is a catch-all provision applicable to innumerable factual situations." ***Id.*** at 910. "In the offense of assault in the third degree, the *necessary* element is knowledge of conduct which creates a grave risk of death or serious bodily injury." ***Id.*** (emphasis added).

The use or attempted use of physical force is thus not an element of a subsection (4) offense. While a subsection (4) offense may include physical force, it is not the ordinary case contemplated by subsection (4). *See **James***, 127 S. Ct. at 1597 ("Rather, the proper inquiry is . . . the conduct encompassed by the elements of the offense, in the ordinary case, . . . .").

The district and magistrate judges reasoned that the subsection (4) conviction qualified as a misdemeanor crime of domestic violence, concluding that subsection (4) requires proof of "the threatened use of a deadly weapon." To the contrary, Missouri law is clear: "Generally, the use of a deadly weapon in the perpetration of an assault (or attempt to assault) precludes the possibility of a conviction of assault in the third degree." *State v. Zismer*, 696 S.W.2d 349, 354 (Mo. Ct. App. 1985) (denying a jury instruction for third-degree assault as a lesser included offense when defendant used a rifle to commit assault); *State v. Manning*, 664 S.W.2d 605, 608 (Mo. Ct. App. 1984) (same).

Emphasizing the words of the charging document – "waving a loaded gun at her" – the government contends that Howell's conduct must have included the threatened use of a deadly weapon. The *Smith* case refutes this contention. The charging papers may be reviewed "only to determine under which portion of the assault statute [Howell] was convicted." *See Smith*, 171 F.3d at 621. True, a subsection (4) offense may include waving a loaded gun at someone. *See State v. Brewer*, 630 S.W.2d 591, 595 (Mo. Ct. App. 1982). This, however, by Missouri law, is not the ordinary case encompassed by subsection (4). *See James*, 127 S. Ct. at 1597.

By the plain meaning of the words of the statute, subsection (4) does not require as an element either the use or attempted use of physical force, or the threatened use of a deadly weapon. Howell's predicate conviction was not for a misdemeanor crime of domestic violence; the motion to dismiss the indictment should have been granted.

The judgment of the district court is reversed.

_____