# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No.  08-2265

_____

United States of America,

        Plaintiff – Appellee,

v.

Kenneth Dean Hulen,

        Defendant – Appellant.

_____

No.  08-2379

_____

United States of America,

        Plaintiff – Appellee,

v.

Jovel Isaias Torres, also known as
Marlos Reyes,

        Defendant – Appellant.

Appeals from the United States
District Court for the
Western District of Arkansas.

[UNPUBLISHED]

_____

Submitted: January 13, 2009
Filed: January 27, 2009

_____

Before MURPHY and SMITH, Circuit Judges, and KAYS,[1] District Judge.

_____

PER CURIAM.

Kenneth Dean Hulen and Jovel Isaias Torres were convicted of failing to register as sex offenders as required by the Sex Offender Registration and Notification Act (SORNA). 18 U.S.C. § 2250. They appeal from the denial of their motions to dismiss their indictments, arguing that the government lacked evidence that they traveled in interstate commerce after SORNA was enacted. They also argue that SORNA violates the ex post facto clause, the nondelegation doctrine, and due process.

SORNA created a federal sex offender registry and requires sex offenders who have been convicted under federal law or who travel in interstate commerce to update their required registration. 18 U.S.C. § 2250(a). Hulen and Torres had both been convicted of sex offenses under state law: Hulen in Iowa and Torres in Maryland. Both were later discovered in other states and so their travel in interstate commerce at some time might be presumed. Neither had updated his registration, and they were charged with violating SORNA.

Hulen and Torres moved to dismiss their indictments on the ground that pretrial discovery from the government disclosed no evidence that either of them had traveled in interstate commerce after the effective date of the statute. The district court denied the motions, and both men entered conditional guilty pleas. The district court sentenced Torres to 30 months imprisonment. Hulen was sentenced to 15 months and has already completed his term of imprisonment.

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri, sitting by designation.

-2-

We review de novo the denial of a motion to dismiss the indictment.  United States v. Howell, 531 F.3d 621 (8th Cir. 2008).  SORNA was enacted July 27, 2006, and we subsequently decided that § 2250(a) "punishes [only] convicted sex offenders who travel in interstate commerce *after* the enactment of SORNA and who fail to register as required by SORNA."  United States v. May, 535 F.3d 912, 920 (8th Cir. 2008) (emphasis added).  It is undisputed that Hulen's last interstate travel predated the passage of SORNA.  The government also states on appeal that Torres's last interstate travel "cannot be established with certainty."

The government concedes that "pre-SORNA interstate travel cannot violate SORNA" and that it did not have evidence that either defendant had traveled interstate after the effective date of the statute.  The Criminal Division of the Department of Justice has instructed the prosecution to concede this issue on appeal.  For these reasons, we reverse the order of the district court and remand for further proceedings consistent with this opinion.

_____