# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1984

_____

United States of America,             *
                                    *

         Appellant,           *
                               *   Appeal from the United States
     v.                     *   District Court for the
                               *   District of Nebraska.

Kaquan Amerson,           *
                               *   [PUBLISHED]

         Appellee.         *

_____

Submitted: March 9, 2010
Filed: March 26, 2010

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kaquan De'Marshae Amerson pled guilty to attempted domestic assault in Nebraska state court. *See* Neb. Rev. Stat. § 28-323. He was later indicted by a federal grand jury for possessing a firearm after a domestic violence conviction. *See* 18 U.S.C. §§ 922(g)(9), 921(a)(33)(A)(ii) (barring firearm possession for "any person who has been convicted in any court of a misdemeanor crime of domestic violence" that "has, as an element, the use or attempted use of physical force . . . ."). After the district court[1] denied his motion to dismiss the indictment, Amerson entered a

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

conditional guilty plea and was sentenced to 18 months. He now appeals the district court's denial of his motion, which this court reviews de novo. *See United States v. Smith*, 171 F.3d 617, 619 (8th Cir. 1999).

Amerson contends that his Nebraska conviction did not involve the "use or attempted use of physical force." *See* 18 U.S.C. § 921(a)(33)(A)(ii). "Under the categorical approach, when a statute dictates that the predicate offense have enumerated elements, this court must 'look only to the predicate offense rather than to the defendant's underlying acts to determine whether the required elements are present.'" *United States v. Howell*, 531 F.3d 621, 622 (8th Cir. 2008), *quoting Smith*, 171 F.3d at 620. Because Nebraska Revised Statute § 28-323 reaches a broad range of conduct (including "intentionally and knowingly caus[ing] bodily injury"), this court may expand its inquiry to determine which part of the statute Amerson violated. *See Smith*, 171 F.3d at 620. "Where the defendant pled guilty to a predicate offense, this inquiry may include the written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Howell*, 531 F.3d at 623 (internal quotations omitted).

During Amerson's plea hearing, the state judge adopted the factual recital that he and his girlfriend "got into an argument over the child and the defendant slapped her and pushed her head into the wall." Amerson repeatedly states he did not "assent to" or "confirm" this factual basis. But his counsel stated he had "no objection" after the recital of facts. Thus, he assented to factual findings that satisfy the force requirement of 18 U.S.C. § 921(a)(33)(A)(ii).

Amerson also argues that he did not knowingly and intelligently plead guilty[2] to the state charge, because the state court did not advise him of the possibility of a future firearm conviction. Courts do not have a general duty to inform defendants of specific, detailed consequences of their pleas. *See Iowa v. Tovar*, 541 U.S. 77, 92 (2004). Consequences of a plea that do not relate to the length and nature of a sentence are "not such direct consequences as need to be addressed prior to the acceptance of a guilty plea." *United States v. Jackson*, 627 F.2d 883, 884 (8th Cir. 1980). The possibility Amerson would be charged under § 922(g)(9) is not a direct consequence. *See United States v. Bouthot*, 878 F.2d 1506, 1511 (1st Cir. 1989) ("[A] federal firearms prosecution was not a largely automatic, definite, or immediate consequence of the state guilty pleas."); *United States v. Lenihan*, 488 F.3d 1175, 1176 (9th Cir. 2007) (per curiam) ("Lenihan also submits that his [domestic violence] conviction may not be used [as a predicate for his § 922(g)(9) conviction] because he was not advised of the possibility that he could be prosecuted for carrying a firearm, but this is a collateral consequence of conviction that does not implicate the constitutionality of his waiver [of counsel]."); *Gentry v. Deuth*, 456 F.3d 687, 695 (6th Cir. 2006) ("There are also well-known collateral consequences of a felony conviction under federal law of which we take judicial notice. *See, e.g.*, 18 U.S.C. § 922(g) (disallowing felons from possessing firearms)."); *United States v. Rozier*, No. 08-17061, 2010 WL 724338, at *1 (11th Cir. Mar. 4, 2010) (per curiam) ("One of the collateral consequences of being convicted of a state or federal felony is that felons are precluded by federal law from possessing any type of firearm.").

Amerson alleges that the state court violated Nebraska Revised Statute § 29-2291(1) by failing to inform him, but § 29-2291 did not become operative until nearly three months after Amerson's sentencing.

---

[2]In their briefs, the parties repeatedly claim that Amerson pled "no contest" to the state charge. The district court found he "pleaded guilty." When asked by the state judge how he pled, Amerson said, "Guilty." And the state judgment says he entered a plea of "Guilty."

The judgment is affirmed.

_____