# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3164

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Delroy Fischer, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 10, 2011
Filed: June 17, 2011

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Delroy Fischer was charged with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). Fischer pled guilty but reserved the right to appeal a decision of the district court[1] to deny his motion to dismiss the indictment. We affirm.

In January 2006, Fischer was charged in Nebraska state court with third degree domestic assault under Neb. Rev. Stat. § 28-323. The arrest warrant and supporting

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

affidavit alleged that Fischer had yelled at, struck, and bit the nose of his former girlfriend, who was also the mother of his children. Fischer pled no contest to an amended charge of attempted assault in the third degree under Neb. Rev. Stat. § 28-310. At his state court plea hearing, Fischer stipulated that the court would take judicial notice of the factual allegations in the arrest warrant and affidavit, and the court accepted those allegations as the "factual basis" of Fischer's plea.

More than two years later, Fischer's girlfriend reported to the police a domestic disturbance involving Fischer. By Fischer's own admission he had gotten angry and fired a shotgun. He was charged with possession of a firearm after conviction for a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9).

Fischer moved to dismiss the indictment, arguing that his Nebraska conviction was not a "misdemeanor crime of domestic violence" as defined in 18 U.S.C. § 921(a)(33)(A) because it did not have "as an element, the use or attempted use of physical force." Relying on the arrest warrant and supporting affidavit which described Fischer's violent conduct, the district court concluded that Fischer's prior conviction did fit the definition and denied his motion to dismiss.

Fischer moved to dismiss the indictment a second time after obtaining a nunc pro tunc order from the Nebraska court stating that:

> 1. [Fischer] pled to, and was convicted of, violating Neb. Rev. Stat. § 28-310, which does not require a finding of assault or attempted assault on an "intimate partner";
> 2. That the conviction in this case did not involve any factual findings that any domestic assault or attempted domestic assault occurred;
> 3. That insofar as the record in this case may involve allegations of domestic assault or attempted domestic assault, any and all allegations are hereby stricken from the record.

The district court found that the state court order did not change its analysis and again denied Fischer's motion.

In response to a later motion in limine filed by the government, Fischer also raised a due process objection, contending that the state court had not adequately advised him that his conviction could serve as the predicate offense for a federal firearms violation. The district court rejected this argument, concluding that the state court had no duty to give such advice.

Fischer subsequently entered a conditional guilty plea, reserving the right to appeal the district court's decision to deny his second motion to dismiss the indictment. Because Fischer's conditional plea reserved an appeal only of the denial of his second motion to dismiss, Fischer waived his due process claim, which was raised months after that ruling. See United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007) (conditional plea must "identify precisely" the pretrial issues preserved for appellate review).[2] The only question properly before this court is whether Fischer's state court conviction of attempted assault in the third degree qualifies as a predicate "misdemeanor crime of domestic violence."

We review de novo the district court's denial of Fischer's motion to dismiss the indictment. Amerson, 599 F.3d at 855. Under 18 U.S.C. § 922(g)(9) anyone "who has been convicted in any court of a misdemeanor crime of domestic violence" is prohibited from possessing a firearm. A "misdemeanor crime of domestic violence" is defined as a "misdemeanor under Federal, State, or Tribal law" that has, "as an element,"

---

[2]Though we need not reach Fischer's due process claim, it is nonetheless unpersuasive. See United States v. Amerson, 599 F.3d 854, 855 (8th Cir. 2010) (per curiam) ("Courts do not have a general duty to inform defendants of specific, detailed consequences of their pleas.").

the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim[.]

18 U.S.C. § 921(a)(33)(A). Fischer does not dispute that he had a domestic relationship with the victim in the incident which gave rise to his state court conviction. It is not required that such a relationship be an element of the predicate offense, so long as it is proven beyond a reasonable doubt. United States v. Hayes, 129 S. Ct. 1079, 1087 (2009). The only question here is whether the crime for which Fischer was convicted "has, as an element, the use or attempted use of physical force" or "the threatened use of a deadly weapon."

The statute under which Fischer was convicted provides:

(1) A person commits the offense of assault in the third degree if he:
(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or
(b) Threatens another in a menacing manner.

Neb. Rev. Stat. § 28-310(1). This court ordinarily looks "only to the predicate offense rather than to the defendant's underlying acts to determine whether the required elements are present," United States v. Smith, 171 F.3d 617, 620 (8th Cir. 1999), but when, as here, a criminal statute reaches a "broad range of conduct," an expanded inquiry is warranted, Amerson, 599 F.3d at 855. That inquiry "may include the written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." Id. (quoting United States v. Howell, 531 F.3d 621, 623 (8th Cir. 2008)).

-4-

Fischer argues that the district court erred in concluding that his conviction was an adequate predicate offense because it is impossible to tell whether he was convicted under § 28-310(1)(a) or (b). That argument is belied by the record of his state court conviction. The state court explicitly stated that it accepted the allegations contained in the arrest warrant and supporting affidavit as the "factual basis" of Fischer's plea. Those documents indicate that Fischer physically assaulted the victim, striking her face and biting her nose. Fischer did not object to those facts, and he stipulated to the court's taking judicial notice of them. As there is little question that the biting of a victim's nose is an intentional act causing bodily harm and not merely a threatening act, it is clear that Fischer was convicted under § 28-310(1)(a). See Smith, 171 F.3d at 620–21 (an expanded inquiry is appropriate to determine under which portion of a statute a defendant was convicted).

Fischer further contends that even if § 28-310(1)(a) applies, it does not contain the requisite force element because a hypothetical defendant could cause bodily injury to another person without using physical force. In this respect, the present case is indistinguishable from Amerson. The statute at issue there, Neb. Rev. Stat. § 28-323(1)(a), contains nearly the same language as § 28-310(1)(a). Both statutes prohibit conduct that "causes bodily injury" to another person and therefore encompass a broad range of conduct. 599 F.3d at 855. Like Fischer, the defendant in Amerson did not object to a state court's recitation of the facts establishing his use of physical force at his guilty plea hearing. Id. In doing so, he "assented to factual findings that satisfy the force requirement of 18 U.S.C. § 921(a)(33)(A)(ii)." Id. Because Amerson controls here, the district court did not err in concluding that Fischer's previous conviction qualified as a misdemeanor crime of domestic violence.

The district court correctly determined that the state court's nunc pro tunc order did not change this analysis. That order only clarified that Fischer's previous conviction under Neb. Rev. Stat § 28-310 did not contain an element requiring that Fischer's victim was an "intimate partner" or that his assault was "domestic" in nature.

Such an element is not required for characterization as misdemeanor crime of domestic violence.  See Hayes, 129 S. Ct. at 1087.

Because Fischer's state court conviction satisfied the force requirement and there was no question that he had a domestic relationship with the victim, that conviction served as a predicate misdemeanor crime of domestic violence for criminal liability under 18 U.S.C. § 922(g)(9).  We conclude that the district court did not err in denying Fischer's motion to dismiss, and affirm its judgment.

COLLOTON, Circuit Judge, concurring.

I see no material distinction between this case and *United States v. Amerson*, 599 F.3d 854 (8th Cir. 2010) (per curiam), and I therefore agree that this panel must affirm Delroy Fischer's conviction based on circuit precedent.  *Amerson* is probably wrong, however, and Fischer is likely entitled to dismissal of the indictment under the governing statutes.

To prosecute Fischer for a violation of 18 U.S.C. § 922(g)(9), the government must show that he was previously convicted of a "misdemeanor crime of domestic violence."  This crime is defined as an offense that, among other characteristics, "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon."  18 U.S.C. § 921(a)(33)(A)(ii).

The difficulty with *Amerson* is the court's holding that "the force requirement of 18 U.S.C. § 921(a)(33)(A)(ii)" was satisfied by "factual findings" in the defendant's prior state court proceedings that the defendant used force against his girlfriend. 599 F.3d at 855.  The dispositive question under § 921(a)(33)(A)(ii) is not whether the defendant *actually used force* in committing a misdemeanor offense, but whether the offense of conviction "*has, as an element*, the use or attempted use of physical force."  The federal court should use the judicial record of the defendant's

prior conviction in state court only to determine *which offense* under state law was the offense of conviction. *See United States v. Howell*, 531 F.3d 621, 622-23 (8th Cir. 2008) ("If the predicate statute reaches a broad range of conduct, this court may expand the inquiry to review the charging papers and jury instructions, but *only* to determine which part of the statute the defendant violated."). Once the offense of conviction is identified, the court's analysis must focus on the elements of that offense. *See Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004) (explaining that the comparable language of 18 U.S.C. § 16(a) "requires us to look to the elements . . . of the offense of conviction, rather than to the particular facts relating to petitioner's crime").

In this case, Fischer was convicted of attempted assault in the third degree under Neb. Rev. Stat. §§ 28-201 and 28-310(1)(a). The judicial record shows that he was convicted for intentionally and knowingly attempting to "cause[] bodily injury to another person." Neb. Rev. Stat. § 28-310(1)(a); R. Doc. 26, at 3-14. The offense of attempting to cause bodily injury to another person does not appear to have, *as an element*, the use or attempted use of physical force, because the State can establish that the offense was committed without proving a use or attempted use of force. At oral argument, counsel gave the example of a defendant intentionally signaling to the driver of a vehicle that a roadway is clear while knowing that the driver is likely to cause an accident and suffer injury by proceeding. Judicial decisions concerning comparable statutes provide similar analysis. *See United States v. Villegas-Hernandez*, 468 F.3d 874, 880-81 (5th Cir. 2006) ("[I]t seems an individual could be convicted of intentional assault in the third degree for injury caused not by physical force, but by guile, deception, or even deliberate omission.") (internal quotation omitted); *United States v. Perez-Vargas*, 414 F.3d 1282, 1286-87 (10th Cir. 2005) (citing examples of causing bodily injury by intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals); *Chrzanoski v. Ashcroft*, 327 F.3d 188, 196 (2d Cir. 2003) ("[H]uman experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick

patient."); *cf. United States v. Vinton*, 631 F.3d 476, 485-86 (8th Cir. 2011) (holding that a Missouri assault statute has as an element the use or attempted use of physical force, where a person commits the crime if he "[a]ttempts to cause or knowingly causes physical injury to another person *by means of a deadly weapon or dangerous instrument*") (quoting Mo. Rev. Stat. § 565.060.1(2)) (emphasis added); *United States v. Malloy*, 614 F.3d 852, 859-60 (8th Cir. 2010) (holding that an Iowa statute requiring that the defendant "inflict[] bodily injury" while resisting or obstructing a peace officer has, as an element, the use, attempted use, or threatened use of physical force against the person of another, because it was "difficult, if not impossible, to imagine how the charged conduct could be carried out without actually using physical force against the person of another") (internal quotation omitted); *United States v. Smith*, 171 F.3d 617, 620-21 & n.2 (8th Cir. 1999) (holding that defendant pleaded guilty to "an offense with an element of physical force within the meaning of 18 U.S.C. § 921(a)(33)(A)(ii)," where the offense of conviction required proof of an "act which is intended to cause pain or injury to, *or which is intended to result in physical contact which will be insulting or offensive to another*," Iowa Code § 708.1(1) (emphasis added), and "such physical contact, by necessity, requires physical force to complete").

Unlike the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), under which an offense can qualify as a "violent felony" if it presents a serious potential risk of physical injury to another person in the "ordinary case," *James v. United States*, 550 U.S. 192, 208 (2007), the rule of § 921(a)(33)(A)(ii) is that a qualifying offense must have the use or attempted use of physical force "as an element," which by definition means that proof of that fact is required in every case. *United States v. Vargas-Dunn*, 356 F.3d 598, 605 (5th Cir. 2004) (en banc); *but cf. United States v. Salean*, 583 F.3d 1059, 1060 (8th Cir. 2009). For better or worse, the decision of Congress to define the scope of § 922(g)(9) by reference to elements rather than underlying facts means that some persons may actually use force while committing a misdemeanor offense against a spouse or intimate partner, yet remain outside that provision's criminal

prohibition.  The courts, of course, must apply the statutes as written, and it appears to me that Fischer is not a prohibited person under the governing definitions.

_____