COLLOTON, Circuit Judge,
concurring.
I see no material distinction between this case and United States v. Amerson, 599 F.3d 854 (8th Cir.2010) (per curiam), and I therefore agree that this panel must affirm Delroy Fischer’s conviction based on circuit precedent. Amerson is probably wrong, however, and Fischer is likely entitled to dismissal of the indictment under the governing statutes.
To prosecute Fischer for a violation of 18 U.S.C. § 922(g)(9), the government must show that he was previously convicted of a “misdemeanor crime of domestic violence.” This crime is defined as an offense that, among other characteristics, “has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon.” 18 U.S.C. § 921(a)(33)(A)(ii).
The difficulty with Amerson is the court’s holding that “the force requirement of 18 U.S.C. § 921(a)(33)(A)(ii)” was satisfied by “factual findings” in the defendant’s prior state court proceedings that the defendant used force against his girlfriend. 599 F.3d at 855. The dispositive question under § 921 (a)(S3)(A)(ii) is not whether the defendant actually used force in committing a misdemeanor offense, but whether the offense of conviction “has, as *1010 an element, the use or attempted use of physical force.” The federal court should use the judicial record of the defendant’s prior conviction in state court only to determine which offense under state law was the offense of conviction. See United States v. Howell, 531 F.3d 621, 622-23 (8th Cir.2008) (“If the predicate statute reaches a broad range of conduct, this court may expand the inquiry to review the charging papers and jury instructions, but only to determine which part of the statute the defendant violated.”). Once the offense of conviction is identified, the court’s analysis must focus on the elements of that offense. See Leocal v. Ashcroft, 543 U.S. 1, 7, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004) (explaining that the comparable language of 18 U.S.C. § 16(a) “requires us to look to the elements ... of the offense of conviction, rather than to the particular facts relating to petitioner’s crime”).
In this case, Fischer was convicted of attempted assault in the third degree under Neb.Rev.Stat. §§ 28-201 and 28-310(l)(a). The judicial record shows that he was convicted for intentionally and knowingly attempting to “cause[] bodily injury to another person.” Neb.Rev.Stat. § 28 — 310(l)(a); R. Doc. 26, at 3-14. The offense of attempting to cause bodily injury to another person does not appear to have, as an element, the use or attempted use of physical force, because the State can establish that the offense was committed without proving a use or attempted use of force. At oral argument, counsel gave the example of a defendant intentionally signaling to the driver of a vehicle that a roadway is clear while knowing that the driver is likely to cause an accident and suffer injury by proceeding. Judicial decisions concerning comparable statutes provide similar analysis. See United States v. Villegas-Hernandez, 468 F.3d 874, 880-81 (5th Cir.2006) (“[I]t seems an individual could be convicted of intentional assault in the third degree for injury caused not by physical force, but by guile, deception, or even deliberate omission.”) (internal quotation omitted); United States v. Perez-Vargas, 414 F.3d 1282, 1286-87 (10th Cir.2005) (citing examples of causing bodily injury by intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals); Chrzanoski v. Ashcroft, 327 F.3d 188, 196 (2d Cir.2003) (“[Hjuman experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient.”); cf. United States v. Vinton, 631 F.3d 476, 485-86 (8th Cir.2011) (holding that a Missouri assault statute has as an element the use or attempted use of physical force, where a person commits the crime if he “[ajttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument ”) (quoting Mo.Rev.Stat. § 565.060.1(2)) (emphasis added); United States v. Malloy, 614 F.3d 852, 859-60 (8th Cir.2010) (holding that an Iowa statute requiring that the defendant “inflict[ ] bodily injury” while resisting or obstructing a peace officer has, as an element, the use, attempted use, or threatened use of physical force against the person of another, because it was “difficult, if not impossible, to imagine how the charged conduct could be carried out without actually using physical force against the person of another”) (internal quotation omitted); United States v. Smith, 171 F.3d 617, 620-21 & n. 2 (8th Cir.1999) (holding that defendant pleaded guilty to “an offense with an element of physical force within the meaning of 18 U.S.C. § 921(a)(33)(A)(ii),” where the offense of conviction required proof of an “act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another,” Iowa Code § 708.1(1) *1011 (emphasis added), and “such physical contact, by necessity, requires physical force to complete”).
Unlike the residual clause of 18 U.S.C. § 924(e) (2) (B) (ii), under which an offense can qualify as a “violent felony” if it presents a serious potential risk of physical injury to another person in the “ordinary case,” James v. United States, 550 U.S. 192, 208, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), the rule of § 921(a)(33)(A)(ii) is that a qualifying offense must have the use or attempted use of physical force “as an element,” which by definition means that proof of that fact is required in every case. United States v. Vargas-Duran, 356 F.3d 598, 605 (5th Cir.2004) (en banc); but cf. United States v. Salean, 583 F.3d 1059, 1060 (8th Cir.2009). For better or worse, the decision of Congress to define the scope of § 922(g)(9) by reference to elements rather than underlying facts means that some persons may actually use force while committing a misdemeanor offense against a spouse or intimate partner, yet remain outside that provision’s criminal prohibition. The courts, of course, must apply the statutes as written, and it appears to me that Fischer is not a prohibited person under the governing definitions.