NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2165
_____

ALEJANDRO BONTIA,

Appellant

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-11-cv-01739)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
May 31, 2013

Before:   JORDAN and VANASKIE, *Circuit Judges*, and
RAKOFF*, *Senior District Judge.*

(Filed: June 20, 2013)
_____

_____
        * The Honorable Jed S. Rakoff, United States Senior District Judge for the United
States District Court for the Southern District of New York, sitting by designation.

_____

JORDAN, *Circuit Judge*.

Alejandro Bontia appeals an order of the United States District Court for the District of New Jersey dismissing his complaint. He is challenging the denial by the United States Citizenship and Immigration Service ("USCIS") of his application for naturalization. USCIS denied his application because it determined that he lacked good moral character as a result of his 1992 conviction in New Jersey for criminal sexual contact with a minor. The District Court granted USCIS's motion to dismiss, holding that Bontia was statutorily ineligible for relief. For the following reasons, we will affirm.

## I.    Background

Bontia, a citizen and native of the Philippines, is a lawful permanent resident of the United States living in New Jersey. In 1992, he pled guilty to a charge of "criminal sexual contact" with a minor, in violation of N.J. Stat. Ann. § 2C:14-3b. The charging instrument stated that Bontia "intentionally caus[ed] the victim," who was the thirteen-year-old daughter of Bontia's landlady, to "touch [his] penis …, for the purpose of degrading or humiliating the victim or to sexually arouse or sexually gratify the actor … ." (App. at 30.) In his plea colloquy, Bontia, who was twenty-five years old at the time, admitted that he allowed the victim to touch his "crotch area." (App. at 40.) He stated that, although he did not "instruct" the victim to touch him, he was sexually aroused by her, he returned her kisses, and he did nothing to stop her touching. (App. at 39-40.)

In December 2009, Bontia filed an application for naturalization. USCIS denied the application because it concluded that Bontia's 1992 conviction constituted an aggravated felony, rendering him statutorily unable to demonstrate that he is a person of "good moral character," a prerequisite for naturalization under 8 U.S.C. § 1427(a). Bontia then requested a hearing before an immigration officer. After conducting a review hearing, the officer affirmed the denial of Bontia's application.

Thereafter, Bontia filed a complaint in the District Court, pursuant to 8 U.S.C. § 1421(c), seeking *de novo* review of the denial of his application for naturalization. USCIS moved for dismissal of the complaint or, alternatively, for summary judgment. Bontia then filed an amended complaint and a cross-motion for summary judgment. The District Court denied leave to file an amended complaint, denied Bontia's motion for summary judgment, and granted USCIS's motion to dismiss. The Court determined that the complaint failed to state a claim for relief because Bontia, given his conviction for criminal sexual contact, is statutorily ineligible for naturalization, and it held that the proposed amendments to the complaint would be futile because they failed to overcome Bontia's statutory ineligibility.

Bontia then filed this timely appeal.

## II.    Discussion[1]

In order to qualify for naturalization, an applicant must demonstrate that he, among other things, "has been and still is a person of good moral character."  8 U.S.C. § 1427(a)(3).  "No person shall be regarded as, or found to be, a person of good moral character" if he "at any time has been convicted of an aggravated felony."  *Id.* § 1101(f)(8).  "The term 'aggravated felony,' applies not only to federal offenses, but also to violations of state law."  *Restrepo v. Att'y Gen.*, 617 F.3d 787, 791 (3d Cir. 2010).  "[S]exual abuse of a minor" is an "aggravated felony."  8 U.S.C. § 1101(a)(43)(A).  The question we must answer is whether Bontia's 1992 conviction for "criminal sexual contact" under § 2C:14-3b constitutes sexual abuse of a minor.

To determine whether a state conviction constitutes "sexual abuse of a minor," we employ the two-step "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990).  First, "we must ascertain the definition for sexual abuse of a minor."  *Restrepo*, 617 F.3d at 791.  Second, "we must compare this 'federal' definition to the state statutory offense in question."  *Id.*  Ordinarily, the categorical approach "prohibits

---

[1] The District Court had jurisdiction under 8 U.S.C. § 1421(c), and we have jurisdiction under 28 U.S.C. § 1291.  "Our review of a district court's decision to grant a motion to dismiss … is plenary."  *Gallo v. City of Phila.*, 161 F.3d 217, 221 (3d Cir. 1998).  "We must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  *DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 215 (3d Cir. 2007) (internal quotation marks omitted).  "The dismissal must be upheld if it appears to a certainty that no relief could be granted under any set of facts which could be proved."  *Id.* (internal quotation marks omitted).  In addition, "[w]e review a district court's refusal to allow a plaintiff to amend his complaint" pursuant to Rule 15(a) for "abuse of discretion."  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

consideration of evidence other than the statutory definition of the offense, thus precluding review of the particular facts underlying a conviction." *Stubbs v. Att'y Gen.*, 452 F.3d 251, 253-54 (3d Cir. 2006). If, however, the statute of conviction criminalizes a range of conduct, some of which qualifies as an aggravated felony and some of which does not, we "must apply a modified categorical approach by which [we] may look beyond the statutory elements to determine the particular part of the statute under which the defendant was actually convicted." *United States v. Stinson*, 592 F.3d 460, 462 (3d Cir. 2010). "Such an examination ... is '*only* to determine which part of the statute the defendant violated.'" *United States v. Smith*, 544 F.3d 781, 786 (7th Cir. 2008) (quoting *United States v. Howell*, 531 F.3d 621, 622-23 (8th Cir. 2008)). In the context of a guilty plea, we "examin[e] the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea" to determine which variation of the offense was actually committed. *Nijhawan v. Holder*, 557 U.S. 29, 35 (2009) (internal quotation marks omitted). "If conduct that meets the federal definition of sexual abuse of a minor is *necessary* for a conviction" under the state statutory provision in question, then a conviction under that statute "qualifies as a conviction for sexual abuse of a minor and, by extension, an aggravated felony." *Restrepo*, 617 F.3d at 791. If, on the other hand, "the offense prohibited by" the state statute "is categorically *broader* than the federal definition of sexual abuse of a minor," then the conviction does not constitute an aggravated felony. *Id.*

We have previously undertaken step one. In *Restrepo*, we determined that the definition of sexual abuse of a minor "is … not clear and unambiguous," *id.* at 793, and

5

we accordingly applied *Chevron* deference to the definition of that phrase given by the Board of Immigration Appeals ("BIA") in *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (BIA 1999) (en banc). The BIA in *Rodriguez-Rodriguez* concluded that "sexual abuse of a minor" was most appropriately defined by 18 U.S.C. 3509(a)(8), a code section relating to the rights of child victims and witnesses in federal criminal cases. *Id.* at 995-96. That section defines "sexual abuse" as "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children … ." 18 U.S.C. § 3509(a)(8). In addition, "'sexually explicit conduct'" includes "sexual contact," which refers to "the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person … ." *Id.* § 3509(a)(9). Concluding that "the BIA's definition of sexual abuse of a minor is a reasonable one and that it is appropriate to exercise *Chevron* deference," we elected in *Restrepo* to "define sexual abuse of a minor by reference to § 3509(a)." *Restrepo*, 617 F.3d at 796.

Thus, our remaining task is to compare that definition of "sexual abuse of a minor" to § 2C:14-3b, the statute under which Bontia was convicted. Section 2C:14-3b criminalizes sexual contact if committed under any of several circumstances.[2] Because

---

[2] At the time of conviction, those circumstances were that:

(1) The actor uses physical force or coercion, but the victim does not sustain severe personal injury;

6

some of those circumstances require the victim to be a minor while others do not, we will apply the modified categorical approach. Based on the charging document and the transcript of the plea colloquy, we conclude that Bontia's conviction under § 2C:14-3b was based on committing an act of sexual contact under the circumstances described in § 2C:14-2c(5) of the 1991 version of the statute, *see supra* note 2, because the victim was thirteen years old at the time and Bontia was twenty-five years old.

That provision falls squarely within the definition of sexual abuse of a minor set forth in §§ 3509(a)(8) and (9). Like the definition of sexual abuse of a minor in those provisions, the specific provision under which Bontia was convicted criminalizes sexual contact with a minor (specifically, a minor between the ages of thirteen and sixteen). And "[s]exual contact" under New Jersey law, similar to its federal counterpart, is "an intentional touching by the victim or actor, either directly or through clothing, of the

---

(2) The victim is one whom the actor knew or should have known was physically helpless, mentally defective or mentally incapacitated;
(3) The victim is on probation or parole, or is detained in a hospital, prison or other institution and the actor has supervisory or disciplinary power over the victim by virtue of the actor's legal, professional or occupational status;
(4) The victim is at least 16 but less than 18 years old and: (a) The actor is related to the victim by blood or affinity to the third degree; or (b) The actor has supervisory or disciplinary power over the victim; or (c) The actor is a foster parent, a guardian, or stands in loco parentis within the household; or
(5) The victim is at least 13 but less than 16 years old and the actor is at least 4 years older than the victim.

N.J. Stat. Ann. § 2C:14-2c(1)-(5) (1991).

7

victim's or actor's intimate parts[3] for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor." N.J. Stat. Ann. § 2C:14-1d. When compared side by side with the federal definition of "sexual abuse of a minor," there is no aspect of Bontia's statute of conviction that is broader than the federal definition. In other words, the "conduct that meets the federal definition of sexual abuse of a minor is *necessary* for a conviction under" § 2C:14-3b, and Bontia's conviction under that statute therefore "qualifies as a conviction for sexual abuse of a minor and, by extension, an aggravated felony," *Restrepo*, 617 F.3d at 791, rendering him ineligible for naturalization.[4]

---

[3] "Intimate parts" include the "sexual organs, genital area, anal area, inner thigh, groin, buttock or breast of a person." N.J. Stat. Ann. § 2C:14-1e.

[4] Based on a misreading of § 3509(a)(9)(A), Bontia argues that his convicted conduct does not fall within the definition of "sexual abuse" provided by § 3509(a)(8) because it did not involve "genital-genital, oral-genital, anal-genital, or oral-anal contact." (Appellant's Br. at 14.) Section 3509(a)(9)(A) provides in full:

> the term "sexually explicit conduct" means actual or simulated – (A) sexual intercourse, including sexual contact in the manner of genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or of opposite sex; sexual contact means the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person[.]

18 U.S.C. § 3509(a)(9)(A). Although the phrasing of that subsection is compact, it defines two distinct categories of sexually explicit conduct: (1) "sexual intercourse," which is defined as "sexual contact in the manner of genital-genital, oral-genital, anal-genital, or oral-anal contact," and (2) "sexual contact," which is defined as "the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person." *Id.* Bontia's argument is that the definition of "sexually explicit conduct" is limited to § 3509(a)(9)(A)'s definition of

8

We accordingly affirm the District Court's granting of USCIS's motion to dismiss for failure to state a claim.[5]

---

the term "sexual intercourse." We reject that reading because it fails to give meaning to anything after the semicolon, including the intentional touching of a breast or buttocks, and it excludes a number of serious crimes commonly prosecuted as sexual abuse. *See e.g.*, *Restrepo*, 617 F.3d at 800 (affirming conviction for abusive sexual contact with hands).

Bontia also argues that § 2C:14-3b is broader than § 3509(a)(8)'s definition of "sexual abuse" because it does not require coercion. This is important, Bontia insists, because he did not coerce his victim, but simply allowed her to touch him in a sexual way without putting up any resistance. But § 3509(a)(8) does not require coercion in every case. Rather, in addition to "coercion," § 3509(a)(8) criminalizes the "employment" or "use" of a child to engage in sexually explicit conduct. 18 U.S.C. § 3509(a)(8). By allowing the victim, who as a child was not capable of consenting to sexual contact, to engage in sexual contact with him, Bontia employed or used her to satisfy his sexual desires. *Cf. Oouch v. U.S. Dep't of Homeland Sec.*, 633 F.3d 119, 124 (2d Cir. 2011) ("[T]o 'authorize' a child to engage in a sexual performance has the same effect as 'employing' or 'inducing' the child to perform because the law does not view minors as autonomous actors."). Thus, § 3509(a)(8)'s definition entirely encompasses the statute of conviction, and Bontia's argument that he did not coerce his victim allows him no relief.

Finally, Bontia asserts that 8 U.S.C. § 1101(a)(43)'s inclusion of sexual abuse of a minor as part of the definition of an aggravated felony cannot be applied to his 1992 conviction, because that provision was not enacted until 1996. The amended definition "applies regardless of whether the conviction was entered before, on, or after September 30, 1996," however, *id.* § 1101(a)(43), and although the amended definition applies only to "actions taken on or after the date of the enactment," it applies "regardless of when the conviction occurred." Illegal Immigration Reform and Immigrant Responsibility Act of 1996 § 321(c), Pub. L. No. 104-208, 110 Stat. 3009-628; *see also Maldonado v. Att'y Gen.*, 664 F.3d 1369, 1378 (11th Cir. 2011) (noting that Congress expressed a "clear intention that the expanded definition of aggravated felony should be applied retroactively"). Given that Bontia did not apply for naturalized status until 2009, all of the immigration decisions at issue in this case were made after 1996. The amended definition of the term aggravated felony therefore encompasses Bontia's 1992 conviction.

[5] Bontia also argues that the District Court erred in denying him leave to amend his complaint. For the reasons provided above, however, the amended complaint fails to state a claim upon which relief may be granted because Bontia has a conviction for an aggravated felony and he therefore cannot show that he is eligible for naturalization.

9

**III. Conclusion**

For the foregoing reasons, we will affirm the District Court's order granting USCIS's motion to dismiss and denying Bontia's motion for leave to amend his complaint.